[No. C011520. Third Dist. Sept. 27, 1991.]

LOUIS M. BARBER, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
LARNA ECKHARDT et al., Real Parties in Interest.

**COUNSEL**

Diehl, Steinheimer, Riggio Haydel & Mordaunt, Douglas A. Haydel and Mikki M. Riella for Petitioner.

No appearance for Respondent.

Stanley E. Gardner for Real Parties in Interest.

## OPINION

**PUGLIA, P. J.**—Petitioner (defendant) moved for summary judgment in the superior court on the ground that the medical malpractice complaint of real parties in interest (plaintiffs) is barred by the statute of limitations. The motion was denied and defendant seeks writ review pursuant to Code of Civil Procedure section 437c, subdivision (*l*). (All further statutory references to sections of an undesignated code are to the Code of Civil Procedure.) We agree that the complaint was not timely filed, and shall issue a writ of mandate directing the respondent superior court to enter judgment in defendant's favor.

The complaint is based on the alleged failure of defendant, a medical doctor, correctly to diagnose and treat plaintiff Larna Eckhart's appendicitis. Plaintiff Vance Eckhart, Larna's husband, seeks damages on his own behalf for loss of consortium. The complaint alleges that on August 14, 1989, Larna complained to defendant of chest pains, and that on August 21 she sought treatment from him for vomiting, diarrhea and severe abdominal pain. Defendant concluded she had the flu, prescribed some medication, and sent her home. The next day, August 22, Larna was admitted to the hospital, where emergency surgery was performed by Dr. Jerry Weiner. Weiner discovered that Larna was suffering from a perforated appendix, which was removed.

In support of his motion for summary judgment, defendant argued that the statute of limitations began to run on August 22, or at the latest on August 23, 1989. Plaintiffs served defendant with notice of intention to sue, as required by section 364, subdivision (a), on August 16, 1990. The complaint was filed on November 28, 1990, 1 year and 98 days after the alleged August 22, 1990 accrual of plaintiffs' causes of action. Relying on the California Supreme Court's decision in *Woods* v. *Young* (1991) 53 Cal.3d 315 [279 Cal.Rptr. 613, 807 P.2d 455], defendant argued that plaintiffs had at most 1 year and 90 days from the date of accrual in which to commence this action.

Plaintiffs opposed the motion on two theories. Plaintiffs argued that the *Woods* decision was to be applied prospectively to cases not yet filed. Plaintiffs asserted they were therefore entitled to rely on this court's 1988

opinion in *Brodehl* v. *Becker* (Cal.App.), which interpreted sections 364, subdivision (d), and 356 as extending the 1-year period of limitations in section 340.5 to 180 days from the date notice of intention to sue was filed when plaintiff has filed that notice during the last 90 days of the 1-year limitation period.[1] The respondent superior court agreed with this analysis, and denied the motion for summary judgment on that basis. Plaintiffs also argued in opposition to summary judgment that defendant is "estopped" from pleading commencement of the statute of limitations on August 22 or 23, 1989, due to certain conduct on the part of defendant's counsel.

## I

■ Section 364, subdivision (a) requires that a plaintiff serve notice of intention to sue at least 90 days prior to filing a complaint for medical malpractice. Subdivision (d) of section 364 extends the 1-year limitations period of section 340.5 an additional 90 days when such notice is served during the last 90 days of that year. (See *Woods* v. *Young, supra*, 53 Cal.3d at pp. 320-321.) Prior to the *Woods* decision, the Courts of Appeal that had considered the question had concluded that the 90-day extension provision inured to the benefit of all plaintiffs who served their notice of intention to sue within one year after accrual of a cause of action, regardless of whether the notice was served during the last 90 days or earlier. However, the appellate courts were divided over another issue, i.e., whether the 90-day extension, when combined with the general tolling provision of section 356, resulted in an effective commencement deadline of 1 year plus 90 days from accrual, or 1 year extended by up to 180 days from filing notice of intention to sue.[2] (*Woods, supra*, 53 Cal.3d at pp. 321-323, 330.) The Supreme Court dealt with both these issues in *Woods*.

*Woods* holds that the 90-day extension of section 346, subdivision (d), is applicable only when the notice of intention is served during the last 90 days of the 1-year limitations period. Second, and of more significance to the present case, *Woods* resolved the conflict among the court of appeal decisions regarding the outside limit for commencement of suit, holding that the extension provisions create a maximum filing period of 1 year plus 90 days from the date the statute of limitations commences to run. (53 Cal.3d at

---

[1]*Brodehl* v. *Becker* (C000502), *supra*, was filed September 21, 1988, and was certified for publication. The Supreme Court granted review on December 15, 1988 (S007720), and transferred the matter to this court on August 1, 1991, with directions to vacate the decision and reconsider in light of *Woods* v. *Young, supra*, 53 Cal.3d 315. In the interim the opinion was twice reprinted in the advance pamphlets of the Official Reports to permit tracking.

[2]Section 356 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."

p. 328.) Thus, the *Woods* court disapproved the appellate decisions holding the 90-day extension applicable regardless of when the notice of intention to sue is served and also those enlarging the limitations period for up to 1 year plus 180 days. (53 Cal.3d at p. 328, fn. 4.)

■ Thus, assuming the validity of defendant's claim that the one year statute began running on August 22 or 23, 1989, this action would be barred under the rule declared in *Woods*, since it was filed more than 1 year and 90 days after accrual. Plaintiff argues that the *Woods* court limited the application of its decision prospectively to complaints filed thereafter. As a result, plaintiffs contend trial courts in the Third District were governed by this court's 1988 opinion in *Brodehl* v. *Becker, supra* (Cal.App.), which aligned with the decisions later disapproved in *Woods* holding that 1 year plus 180 days from filing of notice of intention is the maximum possible limitations period.

Plaintiffs' argument is flawed. First, the Supreme Court's directive concerning the prospectivity of *Woods* v. *Young, supra,* was limited to its holding that the extension allowed by section 364, subdivision (d) is available only when the notice of intention to sue is served during the final 90 days of the 1-year limitations period. There is no indication that this prospectivity also encompassed the second holding of the *Woods* decision limiting the maximum filing period to 1 year plus 90 days. The court's intent appears in several passages. For instance, in analyzing the propriety of prospectivity, the court observes that litigants had justifiably relied on the unanimous agreement by all courts of appeal that had considered the issue that the 90-day extension was added to the 1-year limit regardless of when the notice of intention was served. (53 Cal.3d at p. 330.) However, in a footnote the court pointed out that reliance on a maximum limitations period of 1 year plus 180 days could *not* be considered reasonable; even though that calculation had been approved by some courts of appeal, it was "vigorously disputed" in other appellate opinions. (*Id.* at p. 330, fn. 6.) The *Woods* court then goes on to state: "Consideration of the relevant factors leads us to conclude that our primary holding in this case should be given only prospective application. *Accordingly, this opinion's holding—that serving the notice of intent to sue tolls the one-year limitations period only when the notice is served during the last ninety days of the one-year period—shall apply only to complaints filed more than ninety days after this decision becomes final. . . .*" (*Id.* at p. 331.) (Italics added.) The most plausible reading of this language is that insofar as Woods holds the maximum period for commencement of suit is one year plus ninety days after accrual of the cause of action, it is subject to the usual rule that judicial decisions are applied retroactively to all cases pending when the decision is rendered. (*Newman* v. *Emerson Radio Corp.*

(1989) 48 Cal.3d 973, 978, 981-982 [258 Cal.Rptr. 592, 772 P.2d 1059].) That, of course, includes the present action.

Notwithstanding our opinion in *Brodehl* v. *Becker* (Cal.App.), we are bound to follow the Supreme Court's later decision in *Woods* v. *Young, supra.* (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) The Supreme Court granted review in *Brodehl* on December 15, 1988. A grant of review determines that the Court of Appeal's opinion shall not be published unless otherwise ordered by the Supreme Court (Cal. Rules of Court, rule 976(d); *Agricultural Labor Relations Board* v. *Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 709, fn. 12 [238 Cal.Rptr. 780, 739 P.2d 140].) The Supreme Court has not otherwise so ordered; indeed it has transferred the *Brodehl* case to this court and ordered that we vacate the decision and reconsider in light of *Woods* v. *Young.* Thus our *Brodehl* decision never became final and is without any precedential value or binding force. An unpublished opinion may not be cited or relied upon. (Cal. Rules of Court, rule 977(a); *People* v. *Webster* (1991) 54 Cal.3d 411, 428 [285 Cal.Rptr. 31, 814 P.2d 1273].)

Plaintiffs' reliance on *Brodehl* v. *Becker, supra* (Cal.App.), if they did so rely, was not reasonable. Supreme Court review of that case was granted 9 months before the occurrence of the events upon which plaintiffs' complaint is based and 23 months before plaintiffs filed their complaint in November 1990. The fact that the *Brodehl* opinion was twice reprinted in the advance pamphlets of the Official Reports for "tracking" purposes (see fn. 1, *ante*) does not reinvigorate it. Reprinting for tracking is not, as plaintiffs would have it, an order by the Supreme Court after granting review that the opinion be published. (See Cal. Rules of Court, rule 977(d).)

II

■ We consider plaintiffs' alternate basis for opposing the motion for summary judgment, i.e., that the one-year statute of limitations did not begin running on August 22, or August 23, 1989, but was tolled until some later unspecified date because of the conduct of defendant's counsel.

We note there is no real dispute that in the absence of tolling, the one-year limitations period of section 340.5 began to run on or before August 23. ■ In general, "once a patient knows, or by reasonable diligence should have known, that he has been harmed through professional negligence, he has one year to bring his suit." (*Guiterrez* v. *Mofid* (1985) 39 Cal.3d 892, 896 [218 Cal.Rptr. 313, 705 P.2d 886].) This need not be actual knowledge of all the facts underlying the cause of action, and a "presumptive" knowledge is inferred when the patient becomes aware of facts which would put a reason-

able person on inquiry, or the patient's suspicions are aroused and she is alerted to the need for investigation. (*Id.* at pp. 896-897, citing *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 100-101 [132 Cal.Rptr. 657, 553 P.2d 1129].) Here, both plaintiffs admitted in their depositions that they had concluded defendant had been negligent, and had decided to sue him, by August 22, in Larna's case, and August 23, in Vance's case. As of those dates, plaintiffs were aware of facts which alerted them to the need to pursue their claims.

Plaintiffs contend that defendant is nonetheless "estopped" from asserting the statute of limitations defense. This alleged estoppel arises out of the fact that during his prefiling investigation plaintiffs' counsel was thwarted in his attempt to elicit an opinion from Dr. Jerry Weiner, the physician who had operated on Larna following defendant's misdiagnosis. Plaintiffs' attorney sought the opinion of Weiner regarding the quality of care rendered by defendant. Weiner, through his counsel, who later undertook the representation of defendant, declined a written request to assist plaintiffs' counsel in his investigation. The responding letter from Weiner's attorney (now defendant's attorney) to counsel for plaintiff simply stated Weiner did not want to get involved as an expert witness on behalf of plaintiffs, and suggested that plaintiffs "obtain your own independent review."

Citing *Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 231-232 [153 P.2d 325], plaintiffs invoke the general principle that the statute of limitations is tolled when the defendant is guilty of fraudulent concealment of facts which would inform a patient of his injury or its negligent cause. (See § 340.5; *Brown* v. *Bleiberg* (1982) 32 Cal.3d 426 [186 Cal.Rptr. 228, 651 P.2d 815], *Trantafello* v. *Medical Center of Tarzana* (1986) 182 Cal.App.3d 315, 320-322 [227 Cal.Rptr. 84]; 3 Witkin, Cal. Procedure, Actions, §§ 418, 530 at pp. 449, 559.) They assert that Weiner's rebuff of their inquiries should be similarly treated, and is evidence of an intentional effort by the defense to conceal evidence.

This argument is patently devoid of merit. "In order to toll the statute of limitations, plaintiff had to show intentional concealment." (*Trantafello, supra,* 182 Cal.App.3d at p. 321.) Furthermore, the fraudulent concealment tolling provision " 'does not come into play, whatever the lengths to which a defendant has gone to conceal his wrongs, if a plaintiff is on notice of a potential claim.' [Citation.]" (*Rita M.* v. *Roman Catholic Archbishop* (1986) 187 Cal.App.3d 1453, 1460 [232 Cal.Rptr. 685].) The concept of "fraudulent concealment" cannot be stretched to encompass a nonparty expert witness's refusal voluntarily to give counsel his opinion on a party's conduct. By the time of counsel's request for Weiner's assistance, plaintiffs were well aware of their potential claim, and had consulted other expert witnesses in

anticipation of filing their action. There is absolutely no evidence that defendant made any effort to conceal pertinent facts.

Defendant has established a complete defense to the complaint. The statute of limitations began to run at the latest on August 23, 1989. It was not tolled and, under the holding of *Woods* v. *Young, supra*, which applies to this action, plaintiffs had one year plus 90 days from the date of accrual to commence suit. They did not meet this deadline.

We have complied with the procedures required by *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893], and may therefore issue a peremptory writ of mandate in the first instance. Let a peremptory writ of mandate issue directing respondent superior court to vacate its order denying defendant's motion for summary judgment, and to enter a new order granting that motion. The stay we previously issued is vacated upon our decision herein becoming final.

Carr, J., and Sims, J., concurred.