**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMON F. RANTEESI, | No. 13-16966 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01335-MCE-CKD |
| v. | |
| MARK CONSTANCE, Dr.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Simon F. Ranteesi, a California state prisoner, appeals pro se from the

district court's judgment dismissing his Federal Tort Claims Act ("FTCA") action

alleging federal and state law claims arising out of his use of the drug Paxil. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal of an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

action as barred by the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Ranteesi's claims against the United States was proper because Ranteesi failed to meet the FTCA's claims presentation requirements, and thus the district court lacked subject matter jurisdiction. *See Blair v. IRS*, 304 F.3d 861, 864-65 (9th Cir. 2002) (a district court has no jurisdiction over an FTCA action unless the plaintiff first meets the claims presentation requirement; a claim is not deemed presented unless the plaintiff files "a sum certain damages claim").

The district court properly dismissed Ranteesi's claims against Raley's because, even with the benefit of the discovery rule and statutory tolling due to incarceration, Ranteesi failed to file his action within the applicable statutes of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury or wrongful death actions); § 338 (three-year statute of limitations for property damage actions); § 340.5 (three-year statute of limitations for malpractice actions); § 352.1(a) (statutory tolling due to incarceration not to exceed two years); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005) (the discovery rule "postpones accrual of a cause of action until the plaintiff discovers,

or has reason to discover, the cause of action," which occurs when "the plaintiff[] ha[s] reason to at least suspect that a type of wrongdoing has injured [him]").

Contrary to Ranteesi's contentions, Ranteesi is not entitled to equitable estoppel or medical malpractice statutory tolling. *See Lukovsky*, 535 F.3d at 1051-52 (setting forth elements of equitable estoppel under California law and noting that "[t]he plaintiff must point to some fraudulent concealment, some active conduct by the defendant *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time" (citation and internal quotation marks omitted)); *Barber v. Superior Court*, 285 Cal. Rptr. 668, 672-73 (Ct. App. 1991) (where the plaintiff is on notice of a potential malpractice claim and the defendant makes no effort to conceal pertinent facts, the plaintiff is not entitled to California Code of Civil Procedure section 340.5's fraudulent concealment tolling provision).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Ranteesi's request for judicial notice, filed on October 1, 2014, is denied as unnecessary.

**AFFIRMED.**