Filed 10/11/22  Smith v. Clovis Community Hospital & Medical Center CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CASSIDY JORDAN SMITH, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CLOVIS COMMUNITY HOSPITAL & MEDICAL CENTER, <br><br> Defendant and Respondent. | F080298 <br><br> (Super. Ct. No. 17CECG02257) <br><br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Carter Law Group and Daniel L. Carter for Plaintiff and Appellant.

Horvitz & Levy, Andrea L. Russi, H. Thomas Watson; Schuering Zimmerman & Todd and Kat Todd for Defendants and Respondents.

-ooOoo-

**INTRODUCTION**

Cassidy Jordan Smith appeals the trial court's entry of summary judgment in favor of Clovis Community Hospital & Medical Center ("Clovis Community" or the "Hospital").[1]

Smith sued Clovis Community and Dr. Gopal Reddy Gade ("Dr. Gade") for medical malpractice on July 6, 2017. She alleged the "Defendants" sutured her vagina to her large intestine after the delivery of her first child in November 2015, resulting in a "fistula[2] between the two organs." According to Smith, she defecates from her vagina because of this condition.

Clovis Community moved for summary judgment, in part, on the ground that Smith "failed to comply with the applicable statute of limitation period within Code of Civil Procedure § 340.5[.]"[3] The motion argued Smith discovered her injury on November 24, 2015, because that is the date she was diagnosed with rectovaginal fistula. The Hospital also presented evidence that Smith told a physician assistant on December 2, 2015, she felt her OB/GYN was "negligent."

The trial court granted the motion. It found the evidence established Smith "knew of her injury and at least suspected its negligent cause by December 2, 2015." Accordingly, the court determined "[t]he lawsuit filed July 6, 2017 is time barred."

Smith's brief raises four issues that mirror the issues she raises in her companion appeal concerning the entry of summary judgment in favor of Dr. Gade. Two of them are

---

[1] This is a companion appeal to *Smith v. Gade* (Oct. 11, 2022, F080299) [nonpub. opn.], which concerns the trial court's entry of summary judgment in favor of Dr. Gade.

[2] A "fistula" is "an abnormal duct or passage that connects a hollow organ to the body surface or to another hollow organ." (American Heritage Dict. (4th ed. 2001) p. 323.)

[3] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

applicable here.[4]  Smith first claims the trial court erred when it concluded section 340.5's one-year limitations period barred her action.  Instead, she claims the evidence demonstrated she did not discover her injury until she underwent corrective surgery in 2016.  Second, Smith argues intentional concealment of her injury (which she mostly attributes to Dr. Gade) tolled the limitations period.

Smith's arguments lack merit.  We will affirm the judgment.

## FACTS

### DR. GADE DELIVERS SMITH'S BABY AT CLOVIS COMMUNITY

On November 16, 2015,[5] Smith arrived at Clovis Community in labor.  Dr. Gade delivered the baby.  He used a vacuum to complete the delivery and he cut a median episiotomy to assist with this.  He repaired the episiotomy with two sutures.  Dr. Gade discharged Smith the following day.

---

[4] Smith's brief raises an issue concerning the standard of care.  According to the record, the Hospital initially argued the standard of care but eventually withdrew this argument and requested the trial court rule only on the statute of limitations defense.  Therefore, we will not address this issue.  (*American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 ["[P]ossible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal."].)

Additionally, Smith's brief repeats the argument she makes in the appeal concerning Dr. Gade that the trial court abused its discretion when it denied her fifth request for a continuance of the hearing on Dr. Gade's summary judgment motion.  However, this argument does not apply to this appeal because the trial court had already granted Clovis Community's motion (on September 5, 2019) by the time it denied Smith's request for a continuance of Dr. Gade's motion on September 12, 2019.  This argument is waived.  (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 ["An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument."].)

[5] References to dates are to dates in 2015 unless otherwise stated.

*SMITH EXPERIENCES A BOWEL MOVEMENT FROM HER VAGINA, FIRES DR. GADE, AND SEEKS CARE FROM OTHER PROVIDERS*

Roughly eight days later, Smith experienced a bowel movement out of her vagina. She called Dr. Gade's office "hysterical" and was informed that she would need to wait until he returned from his vacation to see her. At this point, Smith was "done" with Dr. Gade and she deleted his phone number from her phone. According to Smith, she fired Dr. Gade the "[f]irst day [she] shit out of [her] vagina."

Instead, Smith returned to the Hospital on November 24. Dr. Grazier examined her and noted her condition was "[l]ikely rectovaginal fistula." He recommended sitz baths and Flagyl and advised Smith to schedule a follow up appointment in one week. Dr. Grazier's notes reflect Smith felt "comfortable with follow up."

On November 25, Smith visited Community Regional Medical Center ("CRMC"), again complaining of passing stool through her vagina. Dr. Black examined her. Dr. Black noted Smith was "seen yesterday at [Clovis Community] and was told that she had a recto-vaginal fistula and was sent home on Flagyl." According to Smith, Dr. Black also "diagnosed" her condition as a rectovaginal fistula. However, Dr. Black declined to perform emergency surgery because she "could not take on another doctor's mistake …." Smith got the "hint" Dr. Black was critical of her prior OB/GYN.

On December 2, Smith returned to CRMC for a medication refill. A physician assistant, Roy Ouano, examined Smith and took notes concerning her visit. Ouano's notes reflect that "[p]atient feels her OB/GYN was negligent and would like to be referred to our [Women's Health Clinic]." Smith was advised to keep her OB/GYN appointment then scheduled for December 11, and was separately referred to a clinic.

Smith next called the office of Dr. Cardona after selecting him from the phone book. She was seen on December 18 by Dr. Lee.[6] According to Smith, Dr. Lee stated "it

---

[6] There is an inconsistency in the record regarding Smith's visit with Dr. Cardona's office. Smith stated multiple times in declarations that she "went to see a

was quite possible" Dr. Gade's episiotomy repair caused her fistula. Dr. Lee stated "[w]hoever did that episiotomy did this to you." However, Dr. Lee could not confirm because she did not "have that equipment and stuff." Dr. Lee then referred Smith to Dr. Varma at University of California San Francisco.[7]

Smith saw Dr. Varma in March 2016. Dr. Varma performed corrective surgery on Smith on July 7, 2016. According to Smith, the surgery failed and she continues to defecate through her vagina. She has not seen any doctors for her rectovaginal fistula following the surgery with Dr. Varma.

### SMITH PROVIDES NOTICE OF HER INTENTION TO SUE CLOVIS COMMUNITY AND DR. GADE

On November 18, 2016, Smith's attorney, Jeffrey Bohn, mailed a 90-day notice pursuant to section 364 addressed to the "Legal Department" at Clovis Community. The letter lists an incident date of November 16, 2015, and a discovery date of November 24, 2015. It advised of Smith's intent to commence a lawsuit against Clovis Community and Dr. Gade. Attorney Bohn's letter explained "[i]t is believed and alleged that [Smith] suffered and continues to suffer problems as a result of the negligent episiotomy during her delivery."

### SMITH SUES THE HOSPITAL AND DR. GADE

Smith commenced this action on July 7, 2017. The form complaint alleged "Defendants negligently sutured [her] vagina to large intestine, which resulted in

---

primary care physician, Dr. Cardona and informed him that I had this fistula and he stated that I would need a recommendation to a doctor to have this fixed." However, at her deposition, Smith testified she saw Dr. Lee at Dr. Cardona's office.

[7] Smith testified Dr. Lee first referred her to another physician "out here" – presumably referring to Fresno. Smith recalled visiting a Dr. Wiles on January 2, 2016, but was unable to be seen. Smith's medical records indicate she returned to CRMC on January 2 and 3, 2016, and was seen by physician assistant Steven Hauswirth.

formation of a fistula between the two organs." The complaint further alleged "[t]he negligent acts of the Defendants, were discovered on or about July 7, 2016, by [Smith]."

Clovis Community and Dr. Gade filed separate answers. Both answers raised the statute of limitations as an affirmative defense.

### CLOVIS COMMUNITY'S MOTION FOR SUMMARY JUDGMENT AND SMITH'S OPPOSITION

Clovis Community moved for summary judgment on March 25, 2019. The motion argued, in part, that Smith "failed to file her action within one year of discovering her injury on November 24, 2015 [and] her negligence cause of action is barred by the one-year statute of limitations established in Code of Civil Procedure § 340.5."[8]

The motion included portions of Smith's medical records, including a record of her November 24, 2015, visit to Clovis Community where she reported "having a bowel movement out of vagina." The "Clinical Impression" portion of this record lists "[r]ecto-vaginal fistula" and elsewhere attributed the presence of fecal matter in Smith's vagina as "[l]ikely rectovaginal fistula …." The medical records reflect Dr. Grazier "counseled the patient and family regarding diagnosis, need for follow up, return precautions and treatment plan."

In addition, Clovis Community presented portions of the transcript from Smith's first deposition session. This included her testimony that she first experienced a bowel movement from her vagina "[a]bout eight days" after delivering her baby and that she "fired" Dr. Gade the "[f]irst day [she] shit out of [her] vagina." Smith's deposition confirmed Dr. Black examined her at CRMC on November 25, 2015, and declined to perform emergency surgery because, according to Smith, Dr. Black said she could not "go on and take on someone else's mistake."

---

[8] Clovis Community also argued its agents and employees complied with the applicable standard of care and that "no act nor omission by [Clovis Community] caused any injury to [Smith]."

6.

The Hospital also included testimony from physician assistant Ouano. Ouano confirmed he saw Smith during her visit to the CRMC emergency room which began on December 2, 2015, and ended in the early morning of December 3, 2015. Ouano's notes reflect that "Patient feels her OB/GYN was negligent and would like to be referred to our [Women's Health Clinic]."

Additionally, the evidence included the letter on Attorney Bohn's letterhead that lists the "[d]iscovery" date of Smith's injury as November 24, 2015.

Smith filed opposition to Clovis Community's motion on May 28, 2019. The opposition included her declaration wherein she confirmed she was diagnosed with rectovaginal fistula on November 24, 2015, when she first returned to the Hospital. Her declaration also stated she visited the emergency department at CRMC on two occasions (December 2, 2015 and January 2, 2016) but that "[n]o one told me that the fistula I had was caused by an injury due or caused by any malpractice."

Smith also submitted a declaration from Attorney Bohn. He declared "[a]s of 11/16/15 up and to 7/7/16, [Smith] was unaware of any medical professional negligence by Dr. Gopal Reddy Gade and/or Clovis Community Medical Center."[9]

With this evidence, Smith argued that "[o]n July 7, 2016 [she] underwent repair of rectovaginal fistula with Dr. Varma of UCSF. Final diagnoses were Fistula of Vagina to Large Intestine. Surgical findings confirmed sutures within the vagina that seemed to disrupt the vaginal wall. This was the initial confirmation and discovery date of injury."

The Hospital filed its reply brief on June 6, 2019.

### THE TRIAL COURT GRANTS CLOVIS COMMUNITY'S MOTION IN SEPTEMBER

The record indicates the trial court unilaterally continued the hearing on Clovis Community's motion after Smith requested a continuance of the hearing on Dr. Gade's

---

[9] Smith also included a declaration from Howard C. Mandel, M.D., F.A.C.O.G. in opposition to the Hospital's motion. Dr. Mandel's declaration concerned issues unrelated to the statute of limitations.

7.

summary judgment motion. After additional requests from Smith to continue the hearing on Dr. Gade's motion, the trial court ultimately pushed the hearing date for the Hospital's motion to September 3, 2019. The court permitted Smith to submit further opposition solely to Dr. Gade's pending summary judgment motion but not the Hospital's.

Subsequently, the Hospital filed an amended motion for summary judgment. The amended motion withdrew the arguments concerning the standard of care and causation but reiterated "there is no triable issue of material fact that [Smith] failed to comply with the applicable statute of limitation period within Code of Civil Procedure section 340.5."

On September 5, 2019, the trial court granted the Hospital's motion. The written order stated "the Medical Center has introduced evidence that [Smith] knew of her injury and at least suspected its negligent cause by December 2, 2015." Additionally, the court wrote:

> "[Smith] was told that her condition was 'someone else's mistake" by a doctor on November 25, 2015. She told a physician's assistant that she suspected negligence on December 2, 2015. Her section 364 notice indicated discovery of negligence on November 24, 2015. The lawsuit filed July 6, 2017 is time barred."

The record indicates the trial court entered judgment in favor of Clovis Community on September 24, 2019. Smith timely noticed her notice of appeal on November 8, 2019.

## DISCUSSION

We affirm the judgment. Smith fails to present a cognizable argument for why the judgment in favor of the Hospital should be reversed. Moreover, the evidence establishes Smith discovered her injury no later than December 2, 2015, and that the one-year limitations period in section 340.5 operates as a complete defense to this action. Smith fails to rebut this evidence. In addition, Smith waived her claim that intentional concealment of her injury tolled the statute of limitations. This argument lacks merit irrespective of the waiver.

8.

## I. The One-Year Limitations Period in Section 340.5 Bars Smith's Claim Against Clovis Community

Smith argues she did not discover her injury until Dr. Varma performed corrective surgery on July 7, 2016. More specifically, Smith contends she did not discover the "negligent cause" of her rectovaginal fistula prior to this date.

The Hospital first notes that Smith's arguments are directed toward the judgment in favor of Dr. Gade. By extension, Clovis Community asserts Smith "makes no specific argument regarding why this court should reverse the judgment in favor of Clovis Hospital."

At the outset, we agree with the Hospital that Smith forfeited her arguments with respect to the judgment entered in favor of Clovis Community. The doctrine of reversible error means a trial court's judgment is presumed correct. (*Jameson v. Detsa* (2018) 5 Cal.5th 594, 608-609, citing, in part Cal. Const., art. VI, § 13.) Accordingly, the California Supreme Court consistently declares an appellant must affirmatively demonstrate a trial court's error but "[a]ll intendments and presumptions are indulged to support" the trial court's decision. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) This means an appellant must affirmatively demonstrate a trial court's error. (*Herrera v. Doctors Medical Center of Modesto* (2021) 67 Cal.App.5th 538, 547.)

Smith's brief is identical to the one she submitted in connection with her appeal concerning Dr. Gade. As the Hospital notes, Smith's statement of appealability references the judgment entered in favor of Dr. Gade. Her discussion of the statute of limitations issue repeatedly discusses Dr. Gade's purported malpractice, but makes little mention of Clovis Community. Equally true, her discussion of her intentional concealment claim describes Dr. Gade's purported acts or omissions, but again, does not discuss Clovis Community. Thus, we find Smith forfeited her arguments concerning the Hospital's summary judgment motion.

Notwithstanding Smith's forfeiture, we substantively address the first two issues raised in her brief as they are the only issues that conceivably apply to the judgment in favor of the Hospital.

## A.    Standard of Review

Summary judgment is appropriate 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476, citing § 437c, subd. (c).) " 'We review the trial court's grant of summary judgment de novo and decide independently whether the parties have met their respective burdens and whether facts not subject to triable dispute warrant judgment for the moving party as a matter of law.' " (*Drexler v. Petersen* (2016) 4 Cal.App.5th 1181, 1888.)

"The defendant has the initial burden on summary judgment to show that undisputed facts establish an affirmative defense." (*Filosa v. Alagappan* (2020) 59 Cal.App.5th 772, 778 (*Filosa*).)  "Once the defendant meets that burden, the burden shifts to the plaintiff to show a triable issue of material fact regarding the defense." (*Ibid.*) "[W]e view the evidence in the light most favorable to the opposing party, liberally construing the opposing party's evidence and strictly scrutinizing the moving party's." (*Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1485.)

## B.    Applicable Law and Analysis

"A special statute of limitations" governs actions against health care providers arising from professional negligence. (*Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 79.) "[P]rofessional negligence actions against health care providers must be brought within 'three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.' " (*Ibid..*)

The statute states, in relevant part:

10.

"In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (§ 340.5, subd. (a).)

The California Supreme Court explains the term "injury" in the context of section 340.5 refers to " 'a person's physical condition *and* its' "negligent cause." ' " (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 896.) "The injury is not necessarily the ultimate harm suffered, but instead occurs at 'the point at which "appreciable harm" [is] first manifested.' " (*Brewer v. Remington* (2020) 46 Cal.App.5th 14, 24 (*Brewer*).)

When a plaintiff becomes aware of his or her injury and its negligent cause, it triggers the one-year limitations period. (*Filosa*, *supra*, 59 Cal.App.5th at p. 779.) Said differently, the " 'plaintiff need not be aware of either the specific facts or the actual negligent cause of the injury. [Citation.] If the plaintiff has notice or information of circumstances that would put a reasonable person on inquiry notice, the limitation period is activated.' " (*Ibid.*, citing *Brewer*, *supra*, 46 Cal.App.5th at p. 24.)

Here, the Hospital met its initial burden to demonstrate section 340.5's one-year limitations period operates as a complete defense to this action. To begin with, Smith testified she began defecating from her vagina eight days after the birth of her child. Her medical records confirm Dr. Grazier diagnosed a rectovaginal fistula on November 24, 2015. The records from her November 25, 2015, emergency room visit to CRMC also reference rectovaginal fistula and "failure of the episiotomy." During this visit, she "complain[ed] of 9/10 vaginal pain with urination." In sum, the Hospital's evidence demonstrates the "appreciable harm" from Smith's rectovaginal fistula began manifesting itself as early as November 24, 2015.

11.

Clovis Community also met its burden to show Smith was aware of the "negligent cause" of her rectovaginal fistula no later than December 2, 2015. (*Brewer, supra*, 46 Cal.App.5th at p. 24.) She described herself as "hysterical" because of her condition. Not only that, she testified Dr. Black declined to perform emergency surgery on her during her November 25, 2015, visit because Dr. Black could not "take on another doctor's mistake …." During this visit, Smith got the "hint" that Dr. Black was critical of her prior OB/GYN. Furthermore, the notes from her December 2, 2015 visit to CRMC reflect that "Patient feels her OB/GYN was negligent and would like to be referred to our [Women's Health Clinic]." Indeed, physician assistant Ouano testified that is what Smith told him during the visit. Taken together, these facts establish Smith suspected negligence caused her rectovaginal fistula no later than December 2, 2015.

Equally probative, the Hospital's motion included the section 364 notice sent on Attorney Bohn's letterhead which lists an incident date of November 16, 2015, and a discovery date of November 24, 2015.

Thus, we conclude Clovis Community met its initial burden to show Smith discovered her injury no later than December 2, 2015. This, in turn, means Clovis Community met its burden to show Smith's claim accrued on that date and the statute of limitations operates as a complete defense to this action.

Smith does not meet her burden to show a triable issue of fact on this issue. In her brief, she argues she was "led to mistakenly believe" her rectovaginal fistula was a natural consequence of childbirth. She contends her medical providers "repeatedly and stalwartly" reinforced this mistaken belief. She asserts the record demonstrates she "continued to trust the professional skill" of her medical providers.

The evidence belies Smith's assertions. Based on her own testimony, another physician (Dr. Black) referred to her rectovaginal fistula as "someone else's mistake" on November 25, 2015. Her medical records from that visit note a "[r]ecent episiotomy with probable rectovaginal fistula." In fact, Dr. Black's notes "patient was found to have

12.

failure of the episiotomy and likely rectovaginal fistula" that required repair. Again, Smith testified she fired Dr. Gade the first day she "shit out of [her] vagina." This underscores subsequent medical providers did not "reinforce" the notion that Smith's rectovaginal fistula occurred naturally from childbirth.

Moreover, our review of the record concerning the Hospital's motion indicates the only other evidence addressing the statute of limitations issue is the declaration from Attorney Bohn that "[a]s of 11/16/15 up and to 7/7/16, [Smith] was unaware of any medical professional negligence" by Dr. Gade. This is inadequate to create a triable issue of material fact considering the evidence discussed above.

In sum, undisputed evidence establishes Smith discovered her injury no later than December 2, 2015, triggering the one-year limitations period in section 340.5. (*Brewer*, *supra*, 46 Cal.App.5th at p. 24.) Accordingly, this action – commenced on July 6, 2017 – is time-barred.

## II.  Intentional Concealment did not Toll the Statute of Limitations

Smith next asserts "[d]efendants' [i]intentional [c]oncealment [d]elayed [t]he [d]iscovery [o]f Ms. Smith's [i]njury." Again, while she solely references Dr. Gade in connection with this issue, Smith claims this tolled the statute of limitations. This argument also lacks merit.

Fraud or intentional concealment of tortious conduct tolls the "outside" three-year limitations period in section 340.5. (*Young v. Haines* (1986) 41 Cal.3d 883, 891, 893 ["[C]oncealment . . . will toll the outer time limit for initiating an action."]; see also *Brown v. Bleiberg* (1982) 32 Cal.3d 426, 429 [reversing summary judgment in favor of two physicians because "a triable issue of fact exists whether the doctors' alleged affirmative concealment" prevented plaintiff from discovering the cause of her injury]; *Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 99 (*Sanchez*) ["It has long been

13.

established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations . . . ."].)

Smith waived this issue by failing to raise it in the trial court. Her form complaint never alleged any defendant (Dr. Gade or Clovis Community) concealed her fistula, but only that the "Defendants negligently sutured [her] vagina to large intestine, which resulted in formation of a fistula between the two organs." Smith never raised this issue in opposition to the Hospital's motion for summary judgment, either.[10] Rather, in the trial court, Smith argued she discovered her injury on July 7, 2016, and her complaint fell within the one-year limitations period. Issues not raised in the trial court are deemed waived. (*Expansion Pointe Properties Limited Partnership v. Procopio, Cory, Hargreaves & Savitch, LLP* (2007) 152 Cal.App.4th 42, 54 [on review from summary judgment, "possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal." (Italics omitted.)].) Therefore, this argument fails.

Notwithstanding the waiver, Smith cannot rely on tolling through the discovery rule where, as here, she discovered her injury in 2015 such that it triggered the one-year limitation period in section 340.5. (*Sanchez, supra,* 18 Cal.3d at p. 99 ["[I]f plaintiff discovers the claim independently, the limitations period commences."]; see also *Barber v. Superior Court* (1991) 234 Cal.App.3d 1076, 1083 ["[T]he fraudulent concealment tolling provision ' "does not come into play, whatever lengths to which a defendant has gone to conceal his wrongs, if a plaintiff is on notice of a potential claim." ' "].) For this additional reason, we reject Smith's intentional concealment claim.

---

**10** Instead, Smith raised this issue in connection with her continuance requests of Dr. Gade's motion. For example, on August 20 2019, Smith first speculated as to whether Dr. Gade "may have said or done anything to toll the statute of limitations." Then, in a September 12, 2019, filing, Smith asserted she was "unable to discover the evidence substantiating her allegation that Dr. Gade fraudulently concealed his actions during his delivery of [her] baby that resulted in the obstetric injury she suffered."

**DISPOSITION**

The judgment is affirmed.  Clovis Community shall recover its costs on appeal.


SNAUFFER, J.

WE CONCUR:


PEÑA, ACTING P. J.


MEEHAN, J.