Filed 10/11/22 Smith v. Gade CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CASSIDY JORDAN SMITH, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> GOPAL REDDY GADE, <br><br> Defendant and Respondent. | F080299 <br><br> (Super. Ct. No. 17CECG02257) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Alan M. Simpson, Judge.

Carter Law Group and Daniel L. Carter for Plaintiff and Appellant.

Horvitz & Levy, Andrea L. Russi, H. Thomas Watson; White Canepa and Mark B. Canepa for Defendant and Respondent.

-ooOoo-

**INTRODUCTION**

Cassidy Jordan Smith appeals the trial court's entry of summary judgment in favor of Dr. Gopal Reddy Gade.

Smith sued Dr. Gade and Clovis Community Hospital and Medical Center ("Clovis Community") for medical malpractice on July 6, 2017. She alleged the

"Defendants" sutured her vagina to her large intestine after the delivery of her first child in November 2015 resulting in a "fistula[1] between the two organs." According to Smith, she defecates from her vagina because of this condition.

Dr. Gade moved for summary judgment, in part, on the ground that the one-year limitations period in Code of Civil Procedure section 340.5[2] barred Smith's claim. The motion included the following evidence: (1) Smith returned to Clovis Community on November 24, 2015, after reporting a bowel movement from her vagina and was diagnosed with rectovaginal fistula; (2) on November 25, 2015, Smith saw another physician (Dr. Black) who declined to perform emergency surgery because she "could not take on another doctor's mistake"; (3) on December 2, 2015, Smith told a physician assistant she suspected "her OB/GYN was negligent"; and (4) on November 18, 2016, Smith's attorney sent Dr. Gade a section 364[3] notice that listed Smith's "[d]iscovery" date of her injury as November 24, 2015.

The trial court granted Dr. Gade's motion. It found the one-year limitations period commenced no later than December 3, 2015. Accordingly, the court determined "[t]he lawsuit filed July 6, 2017 is time barred."

On appeal, Smith raises three issues for our review.[4] First, she claims the trial court erred when it concluded section 340.5's one-year limitations period barred her

---

[1] A "fistula" is "an abnormal duct or passage that connects a hollow organ to the body surface or to another hollow organ." (American Heritage Dict. (4th ed. 2001) p. 323.)

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[3] Code of Civil Procedure section 364 states, in relevant part "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." (§ 364, subd. (a)).

[4] Smith raises a fourth issue concerning the standard of care. While Dr. Gade's original motion for summary judgment argued this issue, he subsequently withdrew this

action.  Instead, she claims the evidence demonstrated she did not discover her injury until she underwent corrective surgery in 2016.  Second, Smith argues Dr. Gade intentionally concealed her injury, which consequently tolled the statute of limitations.  Finally, she claims the trial court abused its discretion when it denied her fifth request for a continuance of Dr. Gade's motion.

As we will explain, Smith's arguments lack merit.  We will affirm the judgment.

## FACTS

### *DR. GADE DELIVERS SMITH'S BABY AT CLOVIS COMMUNITY*

On November 16, 2015,[5] Smith arrived at Clovis Community in labor.  Dr. Gade delivered the baby.  He used a vacuum to complete the delivery and he cut a median episiotomy to assist with this.  He repaired the episiotomy with two sutures.  Dr. Gade discharged Smith the following day.

### *SMITH EXPERIENCES A BOWEL MOVEMENT FROM HER VAGINA, FIRES DR. GADE, AND SEEKS CARE FROM OTHER PROVIDERS*

Roughly eight days later, Smith experienced a bowel movement out of her vagina.  She called Dr. Gade's office "hysterical" and was informed that she would need to wait until he returned from his vacation to see her.  At this point, Smith was "done" with Dr. Gade and she deleted his phone number from her phone.  According to Smith, she fired Dr. Gade the "[f]irst day [she] shit out of [her] vagina."

Instead, Smith returned to Clovis Community on November 24 because of her condition.  Dr. Grazier examined Smith and noted her condition was "[l]ikely rectovaginal fistula".  Dr. Grazier recommended sitz baths and Flagyl and advised Smith

argument and requested the trial court only rule on the statute of limitations defense.  Therefore, we will not address this issue. (*American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 ["[P]ossible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal."].)

[5] References to dates are to dates in 2015 unless otherwise stated.

to schedule a follow up appointment in one week. Dr. Grazier's notes reflect Smith felt "comfortable with follow up."

On November 25, Smith visited Community Regional Medical Center ("CRMC") again complaining of passing stool through her vagina. Dr. Black examined her. Dr. Black's notes state Smith was "seen yesterday at [Clovis Community] and was told that she had a recto-vaginal fistula and was sent home on Flagyl." According to Smith, Dr. Black also "diagnosed" her condition as a rectovaginal fistula. However, Dr. Black declined to perform emergency surgery because she "could not take on another doctor's mistake …." Smith got the "hint" Dr. Black was critical of her prior OB/GYN.

On December 2, Smith returned to CRMC for a medication refill. A physician assistant, Roy Ouano, examined Smith and took notes during the visit. Ouano's notes reflect that "[p]atient feels her OB/GYN was negligent and would like to be referred to our [Women's Health Clinic]."

Smith next called the office of Dr. Cardona after selecting him from the phone book. She was seen on December 18 by Dr. Lee.[6] According to Smith, Dr. Lee stated "it was quite possible" Dr. Gade's episiotomy repair caused her fistula. Dr. Lee stated "[w]hoever did that episiotomy did this to you." However, Dr. Lee could not confirm because she did not "have that equipment and stuff." Dr. Lee then referred Smith to Dr. Varma at University of California San Francisco.[7]

_____

[6] There is an inconsistency in the record regarding Smith's visit with Dr. Cardona's office. She stated multiple times in declarations that she "went to see a primary care physician, Dr. Cardona and informed him that I had this fistula and he stated that I would need a recommendation to a doctor to have this fixed." However, at her deposition, Smith testified she saw Dr. Lee at Dr. Cardona's office.

[7] Smith testified Dr. Lee first referred her to another physician "out here" – presumably referring to Fresno. Smith recalled visiting a Dr. Wiles on January 2, 2016, but was unable to be seen. Smith's medical records indicate she returned to CRMC on January 2 and 3, 2016, and was seen by physician assistant Steven Hauswirth.

Smith saw Dr. Varma in March 2016. Dr. Varma performed corrective surgery on Smith on July 7, 2016. According to Smith, the surgery failed and she continues to defecate through her vagina. She has not seen any doctors for her rectovaginal fistula following this corrective surgery.

### SMITH NOTIFIES DR. GADE AND CLOVIS COMMUNITY OF HER INTENTION TO SUE

On November 18, 2016, Smith's attorney, Jeffrey Bohn, mailed a section 364 notice addressed to the "Legal Department" at Clovis Community. The letter lists an incident date of November 16, 2015, and a discovery date of November 24, 2015. It advised of Smith's intent to commence a lawsuit against Clovis Community and Dr. Gade. Attorney Bohn's letter explained "[i]t is believed and alleged that [Smith] suffered and continues to suffer problems as a result of the negligent episiotomy during her delivery."

### SMITH SUES CLOVIS COMMUNITY AND DR. GADE

Smith commenced this action on July 6, 2017. The form complaint alleged "Defendants negligently sutured [Smith's] vagina to large intestine, which resulted in formation of a fistula between the two organs." It further alleged "[t]he negligent acts of the Defendants, were discovered on or about July 7, 2016, by [Smith]."

Clovis Community and Dr. Gade filed separate answers. Both answers raised the statute of limitations as an affirmative defense.

### DR. GADE'S MOTION FOR SUMMARY JUDGMENT AND SMITH'S OPPOSITION

Dr. Gade moved for summary judgment on April 22, 2019.[8] His motion argued, in part, that the one-year statute of limitations in section 340.5 barred Smith's claim because she "discovered, or with reasonable diligence should have discovered, her injury

---

[8] Clovis Community separately moved for summary judgment on March 25, 2019.

and its tortious cause on November 24, 2015, and alternatively, no later than December 3, 2015."[9]

The motion included portions of Smith's medical records, and more specifically, medical records from her November 24, 2015, visit to Clovis Community where she reported "having a bowel movement out of vagina." The "Clinical Impression" portion of this record lists "[r]ecto-vaginal fistula" and elsewhere attributed the presence of fecal matter in Smith's vagina as "[l]ikely rectovaginal fistula …."

In addition, Smith's deposition testimony established she first experienced a bowel movement from her vagina eight days after Dr. Gade delivered her baby. Smith also testified she "fired" Dr. Gade the "[f]irst day [she] shit out of [her] vagina." Her deposition confirmed Dr. Black examined her on November 25, 2015, and declined to perform emergency surgery because – according to Smith – Dr. Black said she could not "go on and take on someone else's mistake."

Dr. Gade also included testimony from physician assistant Ouano, who examined Smith beginning on December 2, 2015. Ouano confirmed that Smith told him she felt "her OB/GYN was negligent" during this examination.

Additionally, Dr. Gade's motion included the letter from Attorney Bohn designating the "discovery" date of Smith's injury as November 24, 2015.

Smith filed an opposition on June 26, 2019. She claimed she did not discover her injury until Dr. Varma performed corrective surgery on July 7, 2016. In her own declaration, Smith confirmed she returned to Clovis Community on November 24, 2015, "with complaints of stool coming out of her vagina." She further confirmed Ouano examined her at CRMC on December 2, 2015. She declared "[n]o one told me that the fistula I had was caused by an injury or caused by any malpractice."

---

[9] Dr. Gade's motion also argued he met the standard of care and that he did not take any action that was a substantial factor in the cause of Smith's injury.

6.

In addition, Attorney Bohn stated in a declaration that "[a]s of 11/16/15 up and to 7/7/16, [Smith] was unaware of any medical professional negligence by Dr. Gopal Reddy Gade and/or Clovis Community Medical Center." With respect to the section 364 letter he previously sent to Clovis Community, Attorney Bohn stated "[t]he discovery date was erroneously stated as November 24, 2015, on the Notice of Intent mailed November 18, 2016 [and] [t]he correct date is July 7, 2016 – the date of Dr. Varma's surgical findings."

*SMITH'S MULTIPLE CONTINUANCE REQUESTS*

Concurrently with her opposition to Dr. Gade's motion, Smith filed an ex parte application to continue the hearing. Attorney Bohn submitted another declaration stating "[t]ime is needed to take the deposition of Dr. Gade with production of documents to obtain information regarding his knowledge of the surgery." He estimated sixty days would be needed to complete the discovery.

The trial court denied Smith's application because of improper notice. However, the record indicates it "unilaterally" continued the hearing date on Clovis Community's motion for summary judgment to July 9, 2019.

Smith filed a second application for a continuance on July 2, 2019, raising the same grounds as her first application. The trial court continued the hearing to July 23, 2019.[10]

Next, on July 10, 2019, Smith moved for an order shortening time for a further continuance of Dr. Gade's motion. This time, Smith requested 45 days "to allow [her] sufficient time to gather the evidence necessary to rebut [Dr. Gade's] MSJ arguments and sworn declarations."

The trial court again continued the hearings on both summary judgment motions to September 3, 2019. The court permitted Smith to file further opposition to Dr. Gade's motion no later than 14 calendar days before the date set for hearing.

---

[10] The trial court continued the hearing on Clovis Community's motion as well.

On August 20, 2019, Smith requested another continuance. This time, she claimed "seemingly intentional delays" by Defendants prevented her from taking needed depositions. The court again continued the hearing for Dr. Gade's motion to September 26, 2019.

### THE TRIAL COURT GRANTS SUMMARY JUDGMENT AND DENIES SMITH'S REQUEST FOR A FURTHER CONTINUANCE

Meanwhile, on August 29, 2019, Clovis Community filed an amended notice of motion and motion for summary judgment asking the court to rule solely on the statute of limitations defense.

On September 5, 2019, the trial court granted Clovis Community's motion. It found Smith filed her action four months late.

On September 12, 2019, Smith filed another ex parte application to continue the hearing on Dr. Gade's motion. This time, she claimed she could not "complete Dr. Gade's deposition and had to suspend it seeking a pretrial discovery conference due to Dr. Gade's counsel's repeated coaching of Dr. Gade during his deposition." Smith alluded to learning of additional potential claims during Dr. Gade's deposition.[11]

Attorney Bohn submitted another declaration. Bohn stated he suspended Dr. Gade's deposition because Dr. Gade's attorney "refused to stop making numerous speaking objections that were obviously made to coach Dr. Gade's answers and direct him not to respond to many pending questions." Bohn further declared he "learned important facts about discrepancies and contradictions in Dr. Gade's surgical report and [Smith's] lack of informed consent that support [her] argument in her opposition that Dr. Gade intentionally concealed" his purported malpractice. Bohn "wish[ed] to depose" nurses from Clovis Community but asserted the hospital's counsel "obstructed [Smith's]

---

[11] The record indicates Attorney Bohn also had a pending state bar disciplinary proceeding during this time. Attorney Bohn has since been disbarred.

8.

access" to them. Bohn then described meet and confer attempts he made with Clovis Community's counsel.

The record indicates the trial court denied Smith's application via minute order.

Subsequently, Dr. Gade filed an amended motion for summary judgment requesting "the Court rule solely on the issue of whether [Smith] complied with the applicable statute of limitations within Code of Civil Procedure § 340.5."

On September 26, 2019, the trial court issued a written ruling granting Dr. Gade's motion. The court found section 340.5's one-year limitation period barred Smith's action. The court wrote:

> "Here, Dr. Gade has introduced evidence that plaintiff knew of her injury and at least suspected its negligent cause by December 3, 2015. On or about November 25, 2015, Dr. Black at Community Regional Medical Center referred to the plaintiff's injury as 'someone else's mistake' and left plaintiff with the impression that the doctor was critical of her prior OB/GYN, Dr. Gade. On December 3, 2015, Certified Physician's Assistant Roy Ouano, noted in plaintiff's medical records that 'patient feels her OB/GYN was negligent and would like to be referred to our WHC,' because that is what plaintiff told him."

The court concluded "[t]he lawsuit filed July 6, 2017 is time barred."

Smith timely filed notice of her appeal on November 8, 2019.[12]

---

[12] The record indicates that on the morning of September 26, 2019, Smith filed an ex parte application to shorten time to file a motion for leave to amend her complaint. This included another declaration from Attorney Bohn.

Smith apparently also filed documents purportedly in opposition to Dr. Gade's motion after close of business on September 26, 2019. The documents included further declarations from Smith, Howard Mandel, M.D. (Smith's expert), and Attorney Bohn. Smith also filed a memorandum of points and authorities and a separate statement.

There is no indication the court considered any of these filings. The court entered judgment in favor of Dr. Gade on September 30, 2019.

## DISCUSSION

We affirm the judgment. Dr. Gade's evidence establishes the one-year limitations period in section 340.5 operates as a complete defense to this action because Smith discovered her injury no later than December 2, 2015. Smith fails to rebut this evidence. In addition, Smith waived her claim that Dr. Gade's purported intentional concealment tolled the limitations period. This argument lacks merit irrespective of the waiver. Finally, the trial court did not abuse its discretion when it denied Smith's fifth request for a continuance of the hearing on Dr. Gade's motion.

## I. The One-Year Limitations Period in Section 340.5 Bars Smith's Claim Against Dr. Gade

Smith first argues her complaint is not barred because she did not discover her injury until Dr. Varma performed corrective surgery on her on July 7, 2016. More specifically, Smith contends she did not discover the "negligent cause" (i.e. Dr. Gade's purported malpractice) prior to this date.

Dr. Gade argues Smith's medical malpractice claim accrued on December 2, 2015, requiring her to file her complaint by no later than February 18, 2017, to comply with the one-year limitations period in section 340.5. Accordingly, her action filed on July 6, 2017, is barred.

We agree with Dr. Gade.

## A. Standard of Review

Summary judgment is appropriate 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476, citing § 437c, subd. (c).) " 'We review the trial court's grant of summary judgment de novo and decide independently whether the parties have met their respective burdens and whether facts not subject to triable dispute warrant judgment for the moving party as a matter of law.' " (*Drexler v. Petersen* (2016) 4 Cal.App.5th 1181, 1888.)

10.

"The defendant has the initial burden on summary judgment to show that undisputed facts establish an affirmative defense." (*Filosa v. Alagappan* (2020) 59 Cal.App.5th 772, 778 (*Filosa*).) "Once the defendant meets that burden, the burden shifts to the plaintiff to show a triable issue of material fact regarding the defense." (*Ibid.*) "[W]e view the evidence in the light most favorable to the opposing party, liberally construing the opposing party's evidence and strictly scrutinizing the moving party's." (*Jessen v. Mentor Corp.* (2008) 158 Cal.App.4th 1480, 1485.)

## B. Applicable Law and Analysis

"A special statute of limitations" governs actions against health care providers arising from professional negligence. (*Flores v. Presbyterian Intercommunity Hospital* (2016) 63 Cal.4th 75, 79.) "[P]rofessional negligence actions against health care providers must be brought within 'three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.' " (*Ibid.*)

The statute states, in relevant part:

> "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." (§ 340.5, subd. (a).)

The term "injury" in the context of section 340.5 refers to " 'a person's physical condition *and* its "negligent cause." ' " (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 896.) "The injury is not necessarily the ultimate harm suffered, but instead occurs at 'the point at which "appreciable harm" [is] first manifested.' " (*Brewer v. Remington* (2020) 46 Cal.App.5th 14, 24 (*Brewer*).)

11.

When a plaintiff becomes aware of his or her injury and its negligent cause, it triggers the one-year limitations period. (*Filosa*, *supra*, 59 Cal.App.5th at p. 779.) Said differently, the " 'plaintiff need not be aware of either the specific facts or the actual negligent cause of the injury. [Citation.] If the plaintiff has notice or information of circumstances that would put a reasonable person on inquiry notice, the limitation period is activated.' " (*Ibid.*, citing *Brewer*, *supra*, 46 Cal.App.5th at p. 24.)

Here, Dr. Gade met his initial burden to show the one-year limitations period in section 340.5 bars Smith's claim against him. Smith testified she began defecating from her vagina eight days after Dr. Gade delivered her baby. Her written discovery responses note she returned to Clovis Community on November 24, 2015, because of this condition and "Dr. Grazier determined that [Smith] likely had a recto-vaginal fistula, second to [her] episiotomy performed during childbirth." Smith's medical records confirm Dr. Grazier diagnosed a rectovaginal fistula on November 24, 2015. The records from Smith's November 25, 2015, emergency room visit to CRMC also reference rectovaginal fistula and "failure of the episiotomy." During this visit, she "complain[ed] of 9/10 vaginal pain with urination." In sum, the "appreciable harm" from her rectovaginal fistula began manifesting itself as early as November 24, 2015.

Dr. Gade also met his initial burden to show Smith was aware of the "negligent cause" of her rectovaginal fistula no later than December 2, 2015. (*Brewer*, *supra*, 46 Cal.App.5th at p. 24.) Indeed, Smith testified she fired Dr. Gade the "[f]irst day [she] shit out of [her] vagina." She described herself as "hysterical" because of her condition. According to her written discovery, she "no longer had confidence in Dr. Gade" by December 2015.

Not only that, Smith testified Dr. Black declined to perform emergency surgery on her during her November 25, 2015, visit because Dr. Black could not "take on another doctor's mistake …." During this visit, Smith got the "hint" that Dr. Black was critical of her prior OB/GYN. Furthermore, the notes from her December 2, 2015, visit to CRMC

12.

reflect that "Patient feels her OB/GYN was negligent and would like to be referred to our [Women's Health Clinic]." Taken together, these facts establish Smith suspected Dr. Gade was responsible for her rectovaginal fistula no later than December 2, 2015.

Equally probative, Smith's section 364 notice addressed to Dr. Gade lists an incident date of November 16, 2015, and a discovery date of November 24, 2015.

Thus, we conclude Dr. Gade met his initial burden to show Smith discovered her injury by no later than December 2, 2015, such that it triggered the one-year limitations period in section 340.5 on that date. This, in turn, means Dr. Gade met his burden to show the statute of limitations operates as a complete defense to this action.

Smith does not meet her burden to show a triable issue of fact on this issue. In her brief, she argues she was "led to mistakenly believe" her rectovaginal fistula was a natural consequence of childbirth. She contends her medical providers "repeatedly and stalwartly" reinforced this mistaken belief. She asserts the record demonstrates she "continued to trust the professional skill" of Dr. Gade and that she ultimately fired him because he never returned her calls.

The evidence belies Smith's assertions. Smith did not continue to trust Dr. Gade. To the contrary, Smith stated in her written discovery that she requested a referral to the Women's Health Clinic because "she no longer had confidence in Dr. Gade." Again, she testified she fired Dr. Gade the first day she "shit out of [her] vagina." Her testimony that Dr. Black declined to "take on someone else's mistake" underscores subsequent medical providers did not "reinforce" the notion that her rectovaginal fistula occurred naturally from childbirth.

Moreover, our review of the record indicates the only other evidence addressing the statute of limitations issue is the declaration from Attorney Bohn that "[a]s of 11/16/15 up and to 7/7/16, [Smith] was unaware of any medical professional negligence" by Dr. Gade. Moreover, Attorney Bohn declared under penalty of perjury the section 364 notice, sent on his firm's letterhead, "erroneously stated" the discovery date of Smith's

13.

injury as November 24, 2015. This is inadequate to create a triable issue of material fact considering the overwhelming evidence submitted by Dr. Gade.

In sum, undisputed evidence establishes Smith discovered her injury no later than December 2, 2015. Her discovery triggered the one-year limitations period in section 340.5. (*Brewer*, *supra*, 46 Cal.App.5th at p. 24.) Accordingly, this action – commenced on July 6, 2017 – is time-barred.

## II.     Intentional Concealment did not Toll the Statute of Limitations

Smith next asserts Dr. Gade intentionally concealed "his malpractice" which delayed her discovery of her injury. She claims this tolled the statute of limitations. As a corollary to this, she argues if Dr. Gade "attempted to conceal the injury" then it triggered the three-year limitations period in section 340.5.

Fraud or intentional concealment of tortious conduct tolls section 340.5's "outside" three-year limitations period. (*Young v. Haines* (1986) 41 Cal.3d 883, 891, 893 ["[C]oncealment . . . will toll the outer time limit for initiating an action."]; see also *Brown v. Bleiberg* (1982) 32 Cal.3d 426, 429 [reversing summary judgment in favor of two physicians because "a triable issue of fact exists whether the doctors' alleged affirmative concealment" prevented plaintiff from discovering the cause of her injury]; *Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 99 (*Sanchez*) ["It has long been established that the defendant's fraud in concealing a cause of action against him tolls the applicable statute of limitations . . . ."].)

Smith's resort to the intentional concealment argument lacks merit for several reasons. First, as Dr. Gade notes, Smith waived this issue by failing to raise it in the trial court. Smith never alleged Dr. Gade concealed her fistula, but only that he "negligently sutured [her] vagina to large intestine, which resulted in formation of a fistula between the two organs." Smith also failed to raise this issue in opposition to Dr. Gade's

motion.[13]  Rather, in the trial court, she argued she discovered her injury on July 7, 2016, and her complaint fell within the one-year limitations period.  Issues not raised in the trial court are deemed waived. (*Expansion Pointe Properties Limited Partnership v. Procopio, Cory, Hargreaves & Savitch, LLP* (2007) 152 Cal.App.4th 42, 54 [on review from summary judgment, "possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal."  (Italics omitted.)].) Therefore, this argument fails.

Notwithstanding the waiver, Smith cannot rely on tolling through the discovery rule where, as here, she discovered her injury in 2015 such that it triggered the one-year limitation period.  (*Sanchez, supra,* 18 Cal.3d at p. 99 ["[I]f plaintiff discovers the claim independently, the limitations period commences."]; see also *Barber v. Superior Court* (1991) 234 Cal.App.3d 1076, 1083 ["[T]he fraudulent concealment tolling provision ' "does not come into play, whatever lengths to which a defendant has gone to conceal his wrongs, if a plaintiff is on notice of a potential claim." ' "].)  For this additional reason, we reject Smith's intentional concealment argument.

### III.  The Trial Court Did Not Abuse its Discretion When it Denied Smith's Request for Another Continuance of the Hearing on Dr. Gade's Motion

Smith next asserts the trial court abused its discretion when it denied her final request for a continuance of Dr. Gade's motion.  Her argument on this point is confusing. She claims Clovis Community, not Dr. Gade, obstructed her ability to conduct needed discovery and she consequently suffered prejudice pursuant to section 437c, subdivision (i).  By implication, Smith contends Attorney Bohn's September 12, 2019,

---

**13** Instead, Smith raised this issue in connection with her continuance requests. For example, on August 20, 2019, Smith first speculated as to whether Dr. Gade "may have said or done anything to toll the statute of limitations."  Then, in a September 12, 2019, filing, Smith asserted she was "unable to discover the evidence substantiating her allegation that Dr. Gade fraudulently concealed his actions during his delivery of [her] baby that resulted in the obstetric injury she suffered."

declaration in support of her continuance request satisfied the conditions of section 437c, subdivision (h) and consequently entitled her to that relief.[14]  Alternatively, she contends Attorney Bohn's declaration established good cause for a continuance even if it did not satisfy the requirements of section 437c, subdivision (h).

Section 437c, subdivision (h) states:

> "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just.  The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

Moreover, section 437c, subdivision (i) states, in relevant part:

> "If, after granting a continuance to allow specified additional discovery, the court determines that the party seeking summary judgment has unreasonably failed to allow the discovery to be conducted, the court shall grant a continuance to permit the discovery to go forward or deny the motion for summary judgment or summary adjudication."

The good faith requirement of section 437c, subdivisions (h) means a party's declarations opposing summary judgment must show (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643.)  " ' "The purpose of the affidavit required by Code of Civil Procedure section 437c, subdivision (h) is to inform the court of outstanding discovery which is necessary to resist the summary judgment motion." ' " (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.)  Accordingly, " '[i]t is not

---

[14] Smith never specifies, but we presume she refers to Attorney Bohn's September 12, 2019, declaration submitted as part of her "Amended Ex Parte Application to Continue Motion for Summary Judgment."

sufficient under the statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show "facts essential to justify opposition may exist." ' " (*Ibid*.)  However, if the nonmoving party satisfies the conditions of section 437c, subdivision (h), a continuance is "*virtually mandated*." (*Insalaco v. Hope Lutheran Church of West Contra Costa County* (2020) 49 Cal.App.5th 506, 517.)

Even if a request for a continuance does not satisfy the requirements of section 437c, subdivision (h), "the court must determine whether the party requesting the continuance has nonetheless established good cause therefor." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 716.)

We review a trial court's decision to grant a continuance under section 437c, subdivision (h) for an abuse of discretion. (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152 (*Braganza*) [trial court did not abuse discretion in denying continuance where plaintiff's counsel failed to show diligence in completing discovery].)  We also review whether good cause has been shown for an abuse of discretion. (*Denton v. City and County of San Francisco* (2017) 16 Cal.App.5th 779, 791.)

Smith's argument fails for several reasons.  First, with respect to section 437c, subdivision (i), the court did not determine either Clovis Community or Dr. Gade obstructed Smith's ability to conduct discovery. To the contrary, Smith suspended Dr. Gade's deposition and the trial court subsequently denied her request for a pretrial discovery conference.  Thus, Smith's resort to section 437c, subdivision (i) is unsupported by the facts.

Next, Attorney Bohn's declaration did not meet the requirements of section 437c, subdivision (h).  For example, he did not specify why the facts he sought to obtain were essential to opposing Dr. Gade's motion.  He alluded to "discrepancies and contradictions in Dr. Gade's surgical report" that suggested Dr. Gade "fraudulently concealed information" regarding Smith's injury.  But even were this true, the facts would not be

essential to opposing Dr. Gade's motion, because, as discussed above, Smith could not rely on tolling pursuant to section 340.5 when she was on notice of her injury in December 2015.

Additionally, Attorney Bohn's declaration suggested he was unable to complete Dr. Gade's deposition because of "speaking objections" and "coaching" from Dr. Gade's counsel. However, the eleven pages of deposition transcripts attached to Attorney Bohn's declaration do not indicate Dr. Gade's counsel impeded the deposition.[15] Against this backdrop, it is unclear why Attorney Bohn suspended Dr. Gade's deposition rather than continue to obtain the facts Attorney Bohn felt were needed to oppose Dr. Gade's motion. (*Braganza*, *supra* 67 Cal.App.5th at p. 156 [" 'There must be a justifiable reason why the essential facts cannot be presented.' "].) Accordingly, Attorney Bohn's declaration does not make the requisite good faith showing under section 437c, subdivision (h).

Finally, we find no abuse of discretion in the trial court's decision to deny Smith's request for a continuance for reasons other than Attorney Bohn's inadequate declaration.

" '[I]n deciding whether to continue a summary judgment to permit additional discovery courts consider various factors, including (1) how long the case has been pending; (2) how long the requesting party had to oppose the motion; (3) whether the continuance motion could have been made earlier; (4) the proximity of the trial date or the 30-day discovery cutoff before trial; (5) any prior continuances for the same reason; and (6) the question whether the evidence sought is truly essential to the motion.' " (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 765.)

---

[15] In reality, the deposition transcript indicates Attorney Bohn accused Dr. Gade's attorney of "coaching" on two occasions. The majority of the remaining deposition transcript concerns an attorney-client privilege objection that Dr. Gade's counsel raised in response to a question regarding the repair surgery that Smith underwent.

Nothing in the record indicates good cause existed for a continuance. Smith's action had been pending for over two years when she requested the further continuance. It was her fifth such request. The record indicates she did not conduct any discovery in this action until after Dr. Gade moved for summary judgment, and there is nothing to indicate the evidence Smith sought was essential to oppose Dr. Gade's motion. Therefore, the trial court did not abuse its discretion in denying her request for a continuance.

## DISPOSITION

The judgment is affirmed. Dr. Gade shall recover his costs on appeal.


SNAUFFER, J.

WE CONCUR:


PEÑA, ACTING P. J.


MEEHAN, J.

19.